**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Antonio Germaine Johnson, | ) | |
| | ) | |
| Petitioner, | ) | 4:06-cv-606-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On March 1, 2006, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty pleas and sentences. On November 14, 2001, the petitioner was charged with money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(ii), 31 U.S.C. §5313(a), and 31 U.S.C. §5324(a)(1). On December 21, 2001, the petitioner pled guilty. On July 1, 2002, the petitioner was sentenced to five months in prison, followed by two years supervised release and a $100.00 special assessment. On July 19, 2002, judgment was entered. The petitioner did not appeal his guilty plea or sentence.

On May 29, 2002, a federal grand jury charged the petitioner in a single count indictment with conspiracy "to distribute and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine" and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§841(a) and 846.

On September 24, 2002, the petitioner pled guilty. On May 13, 2003, the court sentenced the petitioner to 360 months in prison, followed by 5 years supervised release and a $100.00 special assessment. On May 20, 2003, judgment was entered. The petitioner did not appeal.

The petitioner alleges that: (1) the government offered him immunity for the drug

Dockets.Justia.com

conspiracy in exchange for his cooperation in the money laundering case, (2) trial counsel did not appeal as the petitioner requested, and (3) trial counsel advised him to flee the country.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

The Court entered judgment against the petitioner on July 19, 2002, and May 20, 2003. The petitioner filed this action on March 1, 2006, more than two years after the petitioner's judgments became final.

Although the limitations period is an affirmative defense, a Court may *sua sponte* dismiss a section 2255 petition as untimely. Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n. 4 (4th Cir. 2004)(applying the holding in Hill v. Braxton to motions under section 2255). The Court's *sua sponte* consideration of a limitations period is consistent with Rule 4(b) of the Federal Rules governing section 2255 cases, which provides that a Court shall dismiss a motion if it plainly appears that the moving party is entitled

to no relief, even in the absence of a responsive pleading from the government.

  This action is subject to dismissal pursuant to the one year limitation period provided for in 28 U.S.C. §2255. Unless the petitioner can demonstrate that the petition was filed within the proper time, this action will be dismissed. The petitioner shall have 60 days from the date of this order to file any material he wishes to support a claim that this action has been filed within the limitations period described above.

  **AND IT IS SO ORDERED**.

                */s/ C. Weston Houck*
                **C. WESTON HOUCK**
                **UNITED STATES DISTRICT JUDGE**

March 3, 2006
Charleston, South Carolina