# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Antonio Germaine Johnson, | ) | |
| | ) | |
| Petitioner, | ) | 4:06-cv-606-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On March 1, 2006, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty pleas and sentences.[1] On November 14, 2001, the petitioner was charged with money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(ii), 31 U.S.C. §5313(a), and 31 U.S.C. §5324(a)(1). On December 21, 2001, the petitioner pled guilty. On July 1, 2002, the petitioner was sentenced to five months in prison, followed by two years supervised release and a $100.00 special assessment. On July 19, 2002, judgment was entered. The petitioner did not appeal his guilty plea or sentence.

This Court is without jurisdiction to disturb the petitioner's 2001 guilty plea and sentence. First, the petitioner was no longer in custody for the 2001 offense when he filed this petition. 28 U.S.C. §2255; *see also* United States v. Hillary, 106 F.3d 1170, 1173 (4th Cir. 1997). Second, the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §2255, imposes a

---

[1] The petitioner states that the claims in his motion "direct themselves to the events which span two separate but intricately intertwined federal cases against Johnson." Petr.'s Br. 1, Mar. 1, 2006. Rule 2(d) of the Rules Governing Section 2255 Proceedings provides: "A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment."

one year limitation period from final judgment. The petitioner's conviction became final in 2002, but he filed this action in 2006, after the one year limitations period had run.

On May 29, 2002, a federal grand jury charged the petitioner in a single count indictment with conspiracy "to distribute and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine" and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§841(a) and 846. On September 24, 2002, the petitioner pled guilty. Sometime after his guilty plea, the petitioner fled the country. On May 13, 2003, the Court sentenced the petitioner in absentia to 360 months in prison, followed by 5 years supervised release and a $100.00 special assessment. On May 20, 2003, judgment was entered. The petitioner did not appeal.

The Court entered judgment against the petitioner on May 20, 2003. The petitioner filed this action on March 1, 2006, almost three years after judgment became final. The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §2255, imposes a one year limitation period from final judgment. On March 3, 2006, this Court held that this action is subject to dismissal pursuant to the one year limitation period provided for in 28 U.S.C. §2255.

The petitioner claims that the statute of limitations should be equitably tolled. Equitable tolling applies when the government's wrongful conduct prevents the petitioner from asserting his claims or when circumstances beyond the petitioner's control made it impossible for the petitioner to timely file his claims. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling does not apply in this case.

Sometime after pleading guilty on September 24, 2002, and before sentencing on May 13, 2003, the petitioner fled the country. In 2005, he was arrested in Frankfurt, Germany. The

petitioner claims that he was unable to timely file because he was not given access to United States counsel or provided a legal library while detained in Weiterstadt, Germany, before being transferred to the United States. His argument is without merit. The limitations period had run on May 13, 2004, before the petitioner was arrested in Frankfurt. The petitioner does not allege that he was unable to file his claims because of the government's wrongful conduct. Furthermore, the petitioner fled the country and became a fugitive. Therefore, these circumstances were not beyond the petitioner's control or external to his own conduct. *See* United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). The petitioner's argument is without merit, and he is not entitled to relief on this claim.

The petitioner claims that trial counsel did not file an appeal as this Court instructed at the petitioner's sentencing. This allegation is incorrect. At sentencing, this Court did not instruct counsel to file an appeal. This Court merely stated that any appeal must be filed within 10 days of entry of judgment. The petitioner claims that his counsel was ineffective for failing to advise him of his right to appeal. However, the petitioner does not allege that he was in contact with his counsel while a fugitive abroad. The petitioner is not entitled to equitable tolling based on this claim. The petitioner does not allege that he was unable to file his claims because of the government's wrongful conduct. Furthermore, the petitioner fled the country and became a fugitive. Therefore, these circumstances were not beyond the petitioner's control or external to his own conduct. *See* United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). The petitioner's argument is without merit, and he is not entitled to relief on this claim.

This action is dismissed pursuant to the one year limitation period provided for in 28 U.S.C. §2255.

AND IT IS SO ORDERED.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 22, 2006
Charleston, South Carolina